```
                   IN THE UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF ARKANSAS
                            PINE BLUFF DIVISION


KELLY DEWAYNE LAMBERT, Sr.                                     PETITIONER


vs.                    Civil Case No. 5:08CV00050 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                              RESPONDENT
```

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

> 1. Why the record made before the Magistrate Judge is inadequate.
>
> 2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Kelly Dewayne Lambert, Sr., an inmate of the Arkansas Department of Correction, has filed a petition for a writ of habeas under 28 U.S.C. § 2254, challenging his conviction in state court on the charge of rape. Petitioner states he was first tried on the charge in 1997, but that trial ended in a hung jury.[1] He was tried

---

[1] As discussed infra, the docket sheet reflects Petitioner was charged in 2004 and a mistrial was declared in December of 2004. Neither party explains this discrepancy, but it is not material in this case because the court finds the petition is

2

again on June 24, 2005, convicted and sentenced to fifteen years imprisonment.  He appealed (Respondent's Exhibit A), and the Arkansas Court of Appeals affirmed his conviction, Lambert v. State, 2006 WL 1413683 (Ark. May 24, 2006) (Respondent's Exhibit B).[2]

In his initial petition, Petitioner raised the following claims for relief:

> 1.  He was denied the effective assistance of counsel, and the state court's decision to the contrary was unreasonable;
>
> 2.  He was subjected to double jeopardy;
>
> 3.  He was denied his right to a speedy trial and
>
> 4.  He was denied due process through the misconduct of two trial judges.

The court directed Petitioner to file an amended petition to clarify his claims.  In his amended petition, Petitioner raises the following claims for relief:

> 1.  Counsel was ineffective in that he failed to file a motion to suppress the evidence or raise a sufficiency of the evidence claim;
>
> 2.  Counsel was ineffective in that he failed to file a motion for a new trial;

---

untimely, regardless of when the first trial and mistrial occurred.

[2]  Petitioner initially stated he filed a motion for a new trial on February 3, 2006, but the motion was denied. Respondent submitted a docket sheet, which reflects no post-trial motions filed by Petitioner.  In his reply filed on August 14, 2008 (DE # 20), Petitioner states he told his attorney to file a motion for a new trial, but his attorney did not do so, and the docket sheet is evidence of ineffective assistance of counsel.

3.  Petitioner's retrial after the mistrial in 1997 subjected him to double jeopardy;

4.  Petitioner's second trial violated his right to a speedy trial;

5.  He was denied due process through the misconduct of two trial judges in other cases;

6.  He was denied executive clemency and

7.  Petitioner is actually innocent of the charge.

Respondent admits Petitioner is in his custody and that, for purposes of this petition, he has no non-futile state remedies available, but he contends the petition should be dismissed because it is untimely and all of Petitioner's claims are procedurally barred.

The court will first address the timeliness of the petition. The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Eighth Circuit Court of Appeals has held that, "direct review" includes review by the United States Supreme Court, Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999), and therefore a state court judgment becomes final under § 2244(d)(1)(A) upon the denial of certiorari or the expiration of the ninety days allowed for filing such a petition. Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999)(en banc). In Riddle v. Kemna, 523 F.3d 850, 854-55 (8th Cir. 2008), the court vacated the portion of Nichols that included the 90-day time period for filing certiorari in all tolling calculations under the statute. Instead, the Riddle court found that, because the Missouri Court of Appeals is not a court of last resort,[3] the Supreme Court of the United States would not have jurisdiction to

---

[3] U.S. Supreme Court Rule 13.1 allows 90 days for filing a writ of certiorari. The Supreme Court can review only judgments of a "state court of last resort," or of a lower state court if the "state court of last resort" has denied discretionary review. See Sup.Ct. R. 13.1.

5

consider a petition for a writ of certiorari after that court affirmed Riddle's conviction.  Since the Supreme Court could not have reviewed Riddle's direct appeal, the expiration of time for seeking direct review set out in 28 U.S.C. Sec. 2244(d)(1)(A) did not include the 90-day period for filing a certiorari petition.

The court need not decide whether <u>Riddle v. Kemna</u>, 523 F.3d 850, 857-58 (2008), applies to Arkansas petitioners, making the convictions of defendants whose direct appeals are decided in the Arkansas Court of Appeals and who do not seek review in the Arkansas Supreme Court final when the Arkansas Court of Appeals issues its mandate.  <u>See</u> <u>Puckett v. Norris</u>, 2007 WL 2382009 (E.D. Ark. August 17, 2007).  Even if <u>Riddle</u> does not apply in Arkansas, and Petitioner's conviction was not final until the passage of the ninety-day period for seeking certiorari in the Supreme Court, his petition is still untimely.

The state court docket sheet in Petitioner's case (Respondent's Exhibit C) reflects that Petitioner was charged in June of 2004 with rape, sexual abuse and sexual assault and that he went to trial on those charges on December 2, 2004.  The jury was unable to reach a verdict and the trial judge declared a mistrial.  On June 23, 2005, the sexual abuse and sexual assault charges were nol prossed, and on June 24, 2005, a jury convicted Petitioner of rape.  Respondent's Exhibit B establishes that the Court of Appeals affirmed his conviction on May 24, 2006.  Counting ninety days

forward from that date,[4] if <u>Riddle</u> does not apply, Petitioner's conviction became final on August 22, 2006, making his federal habeas petition due no later than August 22, 2007.  Petitioner did not sign the certificate of service on the petition in this case until February 19, 2008, approximately six months after the deadline had passed.  Petitioner admits he did not file a motion for a new trial, and the record does not reflect he filed any other motions that would entitle him to tolling of the statute under § 2244(d)(2).

A court may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418. [5] "[E]quitable tolling is appropriate only in rare cases," <u>Von Eye v. U.S.</u>, 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" <u>Miller v. New Jersey State Dep't. Of Corrections</u>, 145 F.3d 616, 618 (3rd Cir. 1998).  Although given the opportunity, Petitioner has not explained why he did not file a timely petition.

---

[4] Under Rule 13.3 of the U.S. Supreme Court Rules, the Court begins the running of the ninety-day period for seeking certiorari from the date of the state court's order, not the date of the mandate.

[5] The Court assumed without deciding that equitable tolling applies to the statute of limitations in § 2244(d).

Petitioner has alleged he is innocent of the rape charge. "Actual innocence" may equitably toll statute of limitations only where some action or inaction by the state prevented petitioner from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the time limitation.  <u>Flanders v. Graves</u>, 299 F.3d 974 (8th Cir. 2002). Petitioner's allegations of innocence are conclusory and unsupported by any facts, and he has not met his burden under <u>Flanders</u>.  I must find that the petition is untimely and Petitioner's claims may not be considered.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied. All pending motions are denied.

SO ORDERED this 10th day of October, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge